ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 1 2005

at 3 o'clock and 05 min. P M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

AARON YAMASHITA,                    )    CIV. NO. 04-00507 HG-KSC
                                    )    CR. NO. 00-00246 HG
                Movant,             )
                                    )
        vs.                         )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                Respondent.         )
_____     )

**ORDER LIFTING STAY OF PROCEEDINGS
and
DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255
and
DENYING MOTION FOR APPOINTMENT OF COUNSEL**

The present case involves a motion brought pursuant to 28 U.S.C. § 2255. In a December 7, 2004 order, the Court stayed Aaron Yamashita's Motion for Appointment of Counsel and the proceedings in the present case pending the decision of two cases then before the Supreme Court. On January 12, 2005, the Supreme Court issued United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), deciding the two cases. The stay of proceedings is LIFTED.

Aaron Yamashita ("Movant") argues that he was sentenced above the maximum time allowed based on the facts he admitted when he pled guilty. Movant claims the Court's finding of

additional facts enhanced his sentence above the maximum allowed and violated his Sixth Amendment rights pursuant to <u>Blakely v. Washington</u>, __ U.S. __, 124 S. Ct. 2531 (2004).

The motion for habeas corpus relief, brought three years after Movant's conviction became final, appears to be time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The question before the Court is whether the holdings of <u>Blakely</u> and <u>Booker</u> apply retroactively to cases on collateral review and extend the statute of limitations pursuant to AEDPA. For the reasons set forth below, <u>Blakely</u> and <u>Booker</u> are not retroactively applicable. The Motion is DENIED. As appointment of counsel could not change the result of Movant's Motion pursuant to § 2255, the Motion for Appointment of Counsel is also DENIED.

## PROCEDURAL HISTORY

On October 30, 2000, Movant pled guilty to two counts of being a felon in possession of firearms.

On April 12, 2001, the district court sentenced Movant to 100 months on each count with the sentences to run concurrently. Movant also received three years of supervised release.

On April 13, 2001, the Court entered Judgment in Movant's case. Movant did not file a notice of appeal.

On August 18, 2004, Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in

2

federal custody; a motion for appointment of counsel; and an application to proceed without prepayment of fees.

On September 1, 2004, Movant filed a motion titled "Motion to Amend and Clarify 28 U.S.C. 2255(3)."

On September 17, 2004, the Government filed a memorandum in opposition to the Motion.

On October 5, 2004, Movant filed a response to the Government's opposition.

On December 7, 2004, the Court issued an order denying Movant's application to proceed without prepayment of fees, and staying Movant's motion for appointment of counsel and the proceedings.

On December 14, 2004, the Court issued an amended order containing minor errata to the December 7, 2004 order.

### ANALYSIS

## I.    STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 places a one-year statute of limitations on 28 U.S.C. § 2255 motions.   The statutory limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Equitable tolling of AEDPA's limitations period is allowed "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations and citations omitted). No grounds for equitable tolling have been presented in the present case.

## A.   Finality of Judgment

The determination of the date of final judgment in a criminal case for § 2255 statute of limitations purposes requires careful attention. If the movant does not pursue a direct appeal to the court of appeals, the conviction becomes final ten days after the entry of the district court's final entry of judgment or order. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). The date of the judgment, Saturdays, Sundays, and court holidays are excluded. Fed. R. App. P. 26(a). If the movant pursues a direct appeal to the court of appeals, but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing a certiorari petition elapses. United States v. Garcia,

4

210 F.3d 1058, 1060 (9th Cir. 2000).  A writ of certiorari before the Supreme Court is timely when it is filed within 90 days after the date the court of appeals enters judgment (not the date the court of appeals issues a mandate).  Sup. Ct. R. 13.  If the movant pursues direct appeal and then files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the Supreme Court finally denies the writ or issues a decision on the merits.  Schwartz, 274 F.3d at 1223.

Movant's judgment, entered on April 13, 2001 and not appealed, became final on April 30, 2001, over three years before he filed his motion under § 2255.  His motion is time-barred unless the right he asserts, under Blakely and Booker, is newly recognized by the Supreme Court and retroactively applies to cases on collateral review.

**B.    Retroactive Application of Blakely and Booker**

**1.    Retroactivity of New Rules to Cases on Collateral Review**

We look to two cases on the retroactivity of new criminal rules: Griffith v. Kentucky, 479 U.S. 314 (1987) and Teague v. Lane, 489 U.S. 288 (1989).  Together the two cases provide that new criminal rules are always retroactive to cases not yet final or pending on direct review, Griffith, 479 U.S. at 323, but are rarely applicable to final cases on collateral review through

5

habeas petitions.  <u>Teague</u>, 489 U.S. at 310.

The <u>Teague</u> analysis involves a three-step process.  First, the court must determine when the defendant's conviction became final.  <u>Beard v. Banks</u>, __ U.S. __, 124 S. Ct. 2504, 2510 (2004). Movant's case became final on April 30, 2001.

Second, the court must determine if the rule is "new." <u>Beard</u>, 124 S. Ct. at 2510.  A decision of the Supreme Court announces a new rule if "the result was not dictated by precedent existing at the time the defendant's conviction became final." <u>Teague</u>, 489 U.S. at 301 (emphasis omitted).  <u>Blakely</u> announced a new rule that was not dictated by existing precedent.  In the time period between <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely</u>, no circuit court of appeals held a sentencing guideline system, state or federal, to violate the Sixth Amendment pursuant to <u>Apprendi</u>.

Third, the court must decide whether the issue raised in <u>Blakely</u> falls within either of the two <u>Teague</u> exceptions to the general rule that new rules are not applied retroactively to cases on collateral review.  The two <u>Teague</u> exceptions are:

> First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.  Second, a new rule should be applied retroactively if it requires the observance of those procedures that...are implicit in the concept of ordered liberty.

<u>Teague</u>, 489 U.S. at 307 (internal citations and quotations

omitted).

The first exception is referred to as the "substantive"
exception, and the second exception as the "procedural"
exception.  Teague held that not every constitutional violation
is so "implicit in the concept of ordered liberty" so as to
require retroactive application of a new rule prohibiting the
violation.  Id. at 311.  The Court recognized the importance of
finality in conviction and "limit[ed] the scope of the second
exception to those new procedures without which the likelihood of
an accurate conviction is seriously diminished."  Id. at 313.

The Teague Court also established an "all in" or "all out"
principle of retroactivity.  Either the right is retroactive and
all prisoners, no matter how long their judgments have been
final, may raise the right in habeas petitions, or the right is
not retroactive and no prisoner may successfully assert the right
through a habeas petition.  When a new rule is made retroactive
to prisoners on collateral review, the rule applies to all
prisoners.  Id. at 316.

## 2.  The Applicability of the Teague Exceptions to Blakely and Booker

The district court must apply the Teague test in the first
instance when it is unclear if a new constitutional rule created
by the Supreme Court applies retroactively on collateral review.
United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002)
(analyzing whether Teague exceptions made Apprendi retroactive to

7

final cases pending on collateral review); <u>United States v.
Swinton</u>, 333 F.3d 481, 486 (3rd Cir. 2003); <u>Ashley v. United
States</u>, 266 F.3d 671, 674 (7th Cir. 2001); <u>Wiegand v. United
States</u>, 380 F.3d 890, 892-93 (6th Cir. 2004).

Movant's case was final at the time of the <u>Blakely</u> decision
on June 24, 2004.[1] He may only take advantage of the <u>Blakely</u> and
<u>Booker</u> decisions if they are retroactively applicable to cases on
collateral review.

The first <u>Teague</u> exception does not apply to the present
motion. <u>Blakely</u> and <u>Booker</u> only apply to sentencing and do not
affect the criminality of any individual conduct. The new rule
announced does not place "certain kinds of primary, private
individual conduct beyond the power of the criminal law-making
authority to proscribe." <u>Teague</u>, 489 U.S. at 307.

The second <u>Teague</u> exception only applies if the <u>Blakely</u>
holding mandates new procedures that "are implicit in the concept
of ordered liberty." <u>Id.</u> (internal citations and quotation marks
omitted). The issue is a matter of first impression in the Ninth
Circuit.

The Supreme Court's silence on the retroactivity issue in

---

[1] There is an open question as to which decision, <u>Blakely</u> or
<u>Booker</u>, created the new Sixth Amendment right. The distinction
is relevant for habeas petitioners whose cases were not yet final
when <u>Blakely</u> was decided but were final when <u>Booker</u> issued. The
Court need not rule on the issue in the present case. Movant's
case was final when <u>Blakely</u> was decided.

the Booker and Blakely opinions implies that the new rule
announced is not retroactive.  The Teague Court noted that "[i]n
our view, the question whether a decision announcing a new rule
should be given prospective or retroactive effect should be faced
at the time of that decision."  Teague, 489 U.S. at 300 (internal
citation and quotation marks omitted).[2]  The Blakely decision did
not state that it was retroactive to cases on collateral review.
Booker, which extended Blakely to the federal sentencing
guidelines, explicitly stated that it would be applicable to
cases on direct review, but did not address retroactivity on
collateral review.  Booker, 125 S. Ct. at 769.

    The Supreme Court's decision in Schriro v. Summerlin, __
U.S. __, 124 S. Ct. 2519 (2004), decided on the same day as
Blakely, indicates that the Supreme Court is unlikely to apply
Blakely retroactively to cases on collateral review.  Schriro
addressed the retroactivity of Ring v. Arizona, 536 U.S. 584
(2002) (holding that Apprendi required the existence of an
aggravating factor resulting in a death sentence to be proved to

_____

    [2] The Supreme Court has not always followed its statement
in Teague, and has, on occasion, recognized a new rule and
applied the new rule retroactively in a later opinion.  In
Bousley v. United States, 523 U.S. 614, 622 (1998), the Court
retroactively applied, pursuant to the first Teague exception, a
new right recognized three years earlier in Bailey v. United
States, 516 U.S. 137 (1995).  Bailey was a case on direct appeal.
Bailey held that a conviction for using a firearm during a drug-
trafficking offense requires evidence of active use of the
firearm.  Bailey was silent on the issue of the retroactivity as
to the new right recognized.

a jury rather than to a judge).  <u>Schriro</u> was a habeas challenge
to a death sentence imposed pursuant to the same Arizona law
struck down in <u>Ring</u>.  The death sentence was imposed before the
Court's <u>Apprendi</u> and <u>Ring</u> decisions.  The Court applied the
<u>Teague</u> analysis and held that the <u>Ring</u> holding did not apply
retroactively to cases on collateral review and that the
petitioner could not challenge his death sentence through habeas.
<u>Schriro</u>, 124 S. Ct. at 2526.  The Court held that the new rule
did not meet <u>Teague</u>'s second retroactivity exception for
"watershed rules of criminal procedure implicating the
fundamental fairness and accuracy of the criminal proceeding."
<u>Id.</u> at 2524 (internal quotations omitted).

     The Ninth Circuit Court of Appeals has held that <u>Apprendi</u> is
not applicable retroactively to habeas petitions.  In <u>Sanchez-</u>
<u>Cervantes</u>, the court held that the <u>Apprendi</u> rule did not meet the
<u>Teague</u> exceptions to the general non-retroactivity of new rules.
<u>Sanchez-Cervantes</u>, 282 F.3d at 667.  The court stated that the
<u>Apprendi</u> rule did not affect the risk that "the innocent will be
convicted."  <u>Id.</u> at 668-69.  The <u>Apprendi</u> rule addressed
sentencing procedures for defendants already convicted.

     It appears unlikely that the Ninth Circuit Court of Appeals
would find the <u>Blakely</u> holding retroactive to cases on collateral
review given <u>Schriro</u> and <u>Sanchez-Cervantes</u>.  The constitutional
violations cured by <u>Blakely</u> and <u>Booker</u> do not affect the accuracy

10

of the underlying criminal conviction or increase the risk that
an innocent person will be adjudged guilty.  The new right
affects sentencing procedures.  In Schriro, the Supreme Court
declined to make a right curing unconstitutional sentencing
procedures retroactive in cases where the procedures resulted in
imposition of the death penalty.  Blakely was more limited than
Schriro in that it only seeks to prevent sentences above the
maximum sentence permitted "on the basis of the facts reflected
in the jury verdict or admitted by the defendant."  Blakely, 124
S. Ct. at 2537.

Other courts of appeals that have addressed the
retroactivity issue following the Booker decision have found that
Blakely and Booker do not apply retroactively pursuant to the
second Teague exception.  Humphress v. United States, __ F.3d __,
2005 WL 433191 (6th Cir. Feb. 25, 2005); McReynolds v. United
States, 397 F.3d 479, 481 (7th Cir. 2005); United States v.
Price, __ F.3d __, 2005 WL 535361 (10th Cir. Mar. 8, 2005);
Varela v. United States, __ F.3d __, 2005 WL 367095 (11th Cir.
Feb. 17, 2005).

Movant is precluded from raising a Blakely and
Booker argument on collateral review.  His motion is time-barred
by AEDPA.  The motion was filed over three years after his
conviction became final.  Blakely and Booker do not provide a
basis for relief or for the extension of the statute of

11

limitations under AEDPA because <u>Blakely</u> and <u>Booker</u> do not apply
retroactively to cases on collateral review.  The motion for
habeas corpus relief is DENIED.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Appointment of counsel is required if the movant is
financially eligible and an evidentiary hearing is mandated or to
prevent a due process violation.  <u>Knaubert v. Goldsmith</u>, 791 F.2d
722, 728 (9th Cir. 1986); <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196
(9th Cir. 1986) <u>cert.</u> <u>denied</u> 481 U.S. 1023 (1987).  If an
evidentiary hearing is not necessary to resolve a habeas motion,
appointment of counsel is discretionary and turns on a movant's
ability to articulate his claims in light of the complexity of
the issues and his likelihood of success on the merits.  <u>Weygandt</u>
<u>v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  A district court may
appoint counsel to represent a habeas movant whenever "the court
determines that the interests of justice so require."  18 U.S.C.
§ 3006A.  The decision to appoint counsel is within the
discretion of the district court, and discretion is only abused
when counsel is constitutionally required.  <u>Knaubert</u>, 791 F.2d at
728.  Counsel is not constitutionally required in the present
case.  The interests of justice do not require appointment of
counsel as neither <u>Blakely</u> nor <u>Booker</u> afford Movant relief.

12

## CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED THAT:

1.  The Stay of Proceedings is LIFTED.

2.  Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.

3.  The Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March _11_, 2005.

Helen Gillmor
United States District Judge

Yamashita v. United States of America, Civil No. 04-00507 HG-KSC; Criminal No. 00-00246 HG; **ORDER LIFTING STAY OF PROCEEDINGS AND DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**